IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRION BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>ALASKA PAROLE BOARD and<br>DEPARTMENT OF CORRECTIONS,<br><br>                Defendants. | Case No. 3:23-cv-000101-JMK |

## SCREENING ORDER

Self-represented prisoner Brion Brown ("Plaintiff") filed a civil rights complaint against the Alaska Parole Board and the Department of Corrections ("DOC") and Superintendent James Milburn. Plaintiff alleges he is being subjected to cruel and unusual punishment because he was denied discretionary parole.[1] Plaintiff claims the Parole Board failed to consider the fact that the COVID-19 pandemic prevented him from completing certain programming.[2] For relief, Plaintiff seeks a new parole hearing.[3] The Court now screens Plaintiff's recent filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee

---

[1] Docket 1 at 3.

[2] Docket 1 at 3–4.

[3] Docket 1 at 8.

of a governmental entity, even if the filing fee has been paid.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[5]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

## DISCUSSION

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) a person acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[8] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[9]

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[9] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:23-cv-000101-JMK, *Brown v. Alaska Board of Parole, et al.*
Screening Order
Page 2 of 5
Case 3:23-cv-00101-JMK   Document 7   Filed 11/07/23   Page 2 of 5

The State of Alaska and state agencies, such as the Alaska Parole Board and DOC, are not considered "persons" under 42 U.S.C. § 1983.[10] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or agency agrees to waive its immunity.[11] Therefore, Plaintiff cannot maintain a case against the Alaska Parole Board and DOC.

Even if Plaintiff could substitute Defendants with individual persons, he cannot maintain a claim of cruel and unusual punishment in this case. The Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.[12] The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."[13] There is no federal constitutional right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."[14] Under certain circumstances, states may create liberty interests which are protected by the Due Process Clause of the Fourteenth Amendment.[15] However, even assuming Plaintiff has a liberty interest in

---

[10] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[11] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[12] See *Hudson v. McMillian,* 503 U.S. 1 (1992).

[13] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[14] *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

[15] *Cf. Stephens, 2019 WL 6649021,* at *4 ("[T]he Court need not determine whether Proposition 57 creates a protected liberty interest because, even if it does, Plaintiff fails to plausibly allege that he was denied constitutionally sufficient process, i.e., 'fair procedures,' for the vindication of any protected liberty interest.").

Case No. 3:23-cv-000101-JMK, *Brown v. Alaska Board of Parole, et al.*
Screening Order
Page 3 of 5
Case 3:23-cv-00101-JMK   Document 7   Filed 11/07/23   Page 3 of 5

receiving parole consideration here, "the procedures required are minimal."[16]  In the context of parole decisions, a federal court's inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied.[17]

Nothing in the Complaint suggests that Plaintiff was not given the opportunity to be heard or was denied an explanation of the reasons for the denial.  "The Constitution does not require more."[18]  Rather, Plaintiff's disagreement appears to be with the substantive decision.  Thus, the Court finds that Plaintiff has failed to allege facts that if proven would state a viable claim for relief.  The Court finds amendment would be futile and will not accord leave to amend.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff has **30 days** from the date of this order to file a notice of voluntarily dismissal of this action in order to avoid receiving a strike under 28 U.S.C. § 1915(g).

2.  If Plaintiff does not file a notice of voluntary dismissal within 30 days, the Court will dismiss the action without further notice to Plaintiff.  This dismissal would count as a "strike" against Plaintiff under § 1915(g).[19]  Whereas, a voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

3.  All pending motions are **DENIED as moot.**

---

[16] *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011).

[17] *Skinner v. Switzer,* 562 U.S. 521, 535 n.13 (2011)).

[18] *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979).

[19] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

4. The Clerk is directed to send a Notice of Voluntary Dismissal (Form PS09) with this order.

DATED this 7th day of November, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-000101-JMK, *Brown v. Alaska Board of Parole, et al.*
Screening Order
Page 5 of 5
Case 3:23-cv-00101-JMK   Document 7   Filed 11/07/23   Page 5 of 5