IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BRION BROWN,

                Plaintiff,

    v.

ALASKA PAROLE BOARD and
DEPARTMENT OF CORRECTIONS,

                Defendants.

Case No. 3:23-cv-00101-JMK

## ORDER OF DISMISSAL & NOTICE OF STRIKE

Self-represented prisoner Brion Brown ("Plaintiff") filed a civil rights complaint against the Alaska Parole Board and the Department of Corrections ("DOC") and Superintendent James Milburn.[1] The Court screened the Complaint, found it deficient, and found amendment would be futile.[2] On November 7, 2023, the Court issued a Notice of Intent to Dismiss, which provided Plaintiff with 30 days to voluntarily withdraw this case to avoid receiving a strike under § 1915(g).[3] To date, Plaintiff has not responded.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED for failure to state a claim upon which relief could be granted.**

2. This dismissal counts as a **"strike"** against Plaintiff under 28 U.S.C. §

---

[1] Docket 1.

[2] Docket 7.

[3] The Prison Litigation Reform Act requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Whereas a voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

1915(g).[4]

3. Prisoners who receive three or more strikes cannot bring any other actions without prepaying the full filing fee unless the prisoner can demonstrate that he is in imminent danger of serious physical injury.[5]

4. All pending motions are **DENIED AS MOOT.**

5. The Clerk of Court shall issue a final judgment.

DATED this 5th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See Harris v. Mangum,* 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[5] *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).